IN THE MATTER OF FIVE MINORS, JEFFREY C., A MINOR, APPELLANT, *v.* THE JUVENILE DEPARTMENT OF THE SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, COUNTY OF WASHOE, RESPONDENT.

No. 17237

STEVEN D., A MINOR, APPELLANT, *v.* THE JUVENILE DEPARTMENT OF THE SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, COUNTY OF WASHOE, RESPONDENT.

No. 17238

ANGELITO A., A MINOR, APPELLANT, *v.* THE JUVENILE DEPARTMENT OF THE SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, COUNTY OF WASHOE, RESPONDENT.

No. 17239

BRET R., A MINOR, APPELLANT, *v.* THE JUVENILE DEPARTMENT OF THE SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, COUNTY OF WASHOE, RESPONDENT.

No. 17240

CAREY L., A MINOR, APPELLANT, *v.* THE JUVENILE DEPARTMENT OF THE SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, COUNTY OF WASHOE, RESPONDENT.

No. 17286

December 4, 1986                    728 P.2d 1357

*David G. Parraguirre,* Public Defender, *John A. Lefcourte,* Deputy Public Defender, Reno, for Appellants.

*Brian McKay,* Attorney General, Carson City; *Mills Lane,* District Attorney, *Gary H. Hatlestad,* Deputy District Attorney, Washoe County, for Respondent.

## OPINION

*Per Curiam:*

Presented for review are five juvenile court cases in which the juveniles maintain that the court did not have jurisdiction to require the juveniles to pay restitution to the victims of their delinquent conduct.

It is hard to follow appellants' argument in light of express legislative authority that juvenile courts "may . . . require the child to participate in a program designed to provide restitution. . . ." NRS 62.211(1)(g). The juveniles here were simply ordered to pay restitution to their victims rather than to "participate in a program."

The quoted statute says that the court *may* require a juvenile to participate in a restitution program. Such a provision does not say or imply that restitution is forbidden except in cases where something called a "program" is devised.

It is clear that compensation of victims of criminal conduct is an important part of the public policy of the state. There is no reason to distinguish juvenile criminality from adult criminality in this respect. The victim is equally harmed by either predation.

In ordering the juveniles to compensate their victims the juvenile court ruled as follows:

> [T]his court has inherent power to order reasonable consequences designed to leave an impression on minors who are adjudicated under the Juvenile Court Act, so long as those

consequences are reasonable and do not mean or work an unreasonable restraint on liberty or some cruel and unusual punishment, that they need not be specifically enumerated in the Juvenile Court Act for the court to give them force and effect. Therefore on that issue, the court is going to rule there is inherent power to order restitution.

We approve and applaud this ruling. There is no question but that the juvenile court has the power to order a juvenile delinquent to pay restitution. The district court properly recognized that there are limitations to restitution requirements in juvenile court cases, where, for example, unreasonable or excessive payments are required or where the juvenile is threatened with incarceration. These issues are not, however, presented in this appeal.

No error being apparent in any of the five consolidated appeals, the judgment in each will be affirmed.